**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5049**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT GREGORY TIMMS, a/k/a Congo,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (1:05-cr-00508-WDQ)

_____

Submitted:  September 19, 2007        Decided:  October 9, 2007

_____

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Sol Z. Rosen, Washington, D.C., for Appellant.  Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Gregory Timms was convicted by a jury of one count of possession of fifty grams or more of cocaine base, in violation of 21 U.S.C. § 844 (2000). The district court sentenced Timms to 135 months of imprisonment, and Timms timely appealed. On appeal, Timms asserts that the district court erred in denying his motion to suppress evidence obtained from a search of his person after a traffic stop because the stop was pretextual and not supported by probable cause of a traffic violation. We affirm.

This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. Id. We grant great deference to factual findings based on credibility decisions. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987) (stating that this court will decline to overturn a factual determination founded on witness demeanor and credibility absent compelling evidence to the contrary). Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the vehicle. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). A stop for a traffic violation "does not become unreasonable merely because the officer has intuitive suspicions

- 2 -

that the occupants of the car are engaged in some sort of criminal activity." <u>Id.</u> A routine and lawful traffic stop permits an officer to detain the motorist to request a driver's license and vehicle registration, to run a computer check, and to issue a citation. <u>United States v. Brugal</u>, 209 F.3d 353, 358 (4th Cir. 2000). To further detain the vehicle requires a reasonable suspicion on the part of the investigating officer that criminal activity is afoot. <u>Id.</u> In determining whether there was reasonable suspicion, the court must look at the totality of the circumstances. <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989). Our review of the record in this case leads us to conclude that the district court did not err in denying Timms's motion to suppress.

Accordingly, we affirm Timms's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -